UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09779-AH-(SKx) | Date | January 2, 2026 |
| Title | *Eddie Delomprey v. PHH Mortgage Servicing et al.* | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND AND DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NOS. 39, 41) [JS-6]

Before the Court is Plaintiff Eddie Delomprey's ("Plaintiff") Renewed Motion to Remand ("Motion" or "Mot.") and *Ex Parte* Application for Temporary Restraining Order ("TRO") and Order to Show Cause re Preliminary Injunction ("Application" or "Appl."). Mot., Dkt. No. 39; Appl., Dkt. No. 41.[1] Defendants PHH Mortgage Corporation, erroneously sued as PHH Mortgage Servicing, Western Progressive LLC, Premium Title of California ("Premium Title"), and U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE5, Asset Backed Pass-Through Certificates, Series OOMC 2006-HE5, erroneously sued as U.S. Bank National, TTE (collectively, "Defendants") filed Oppositions to both the Motion and Application. Mot. Opp'n, Dkt. No. 44; Appl. Opp'n, Dkt. No. 43. The Court deems both the Motion and Application appropriate for decision without oral

---

[1] Although Plaintiff describes the Motion as *ex parte*, Plaintiff served a copy of the Motion on opposing counsel. *See* Delomprey Decl., Dkt. No. 41, at ECF 6.

argument.[2]  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Application for Temporary Restraining Order as moot.

## I.     BACKGROUND

This action was originally brought in the Superior Court of the State of California for the County of Ventura.  *See* Dkt. No. 1-1.  Defendants removed the action based on federal question jurisdiction.  *See* Dkt. No. 1.  On December 9, 2025, Plaintiff filed the FAC, eliminating all federal causes of action from the initial complaint and bringing only state causes of action against Defendants.[3]  *See generally* FAC, Dkt. No. 38.  The underlying factual allegations in the First Amended Complaint ("FAC") appear unchanged from the initial complaint, so the Court incorporates by reference its recitation of the relevant facts from a prior order.  *See* Dkt. No. 22 at 2-3.

Concurrent with his filing of the FAC, Plaintiff filed the Motion, for which the Court set a hearing date of January 21, 2026.  Dkt. Nos. 39-40.  On December 26, 2025, Plaintiff filed the Application seeking an order temporarily restraining Defendants, their agents, or successors from "[p]roceeding with eviction," "[f]iling or prosecuting any unlawful detainer action," or "[t]ransferring title or possession, until the Court has rule on Plaintiff's Motion for Preliminary Injunction or the merits of his Verified First Amended Complaint."  Appl. at 2.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28

---

[2] Plaintiff has not yet filed a reply to the Motion due to the current hearing date, set by the Court because no hearing date was noticed in the Motion, Dkt. No. 40, but the Court considers the matter fully briefed in light of the Court's ruling herein.

[3] The FAC additionally names as defendant(s) "All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud on Plaintiffs' Title Thereto."  *See generally* FAC.  In Defendants' Opposition to the Application, Defendants argue that title was transferred to Corinne Culleeney as a new owner.  Dkt. No. 43 at 7.

U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).

### III.     DISCUSSION

#### A.     Motion to Remand

Defendants argue that this Court has diversity jurisdiction over the FAC, because there is complete diversity between the parties excluding Premium Title—which Defendants argue is fraudulently joined in this action—and the amount in controversy exceeds the jurisdictional threshold.  Mot. Opp'n at 3-7.

"There are two ways to establish fraudulent joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotations and citations omitted).  "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory."  *Id.* (citation modified).  "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* (internal quotations and citations omitted).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'"  *Id.* (alteration in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  The Court must also consider whether, if the complaint would not survive a motion to dismiss, the deficiency "can possibly be cured by granting the plaintiff leave to amend."  *Id.* at 550.

Defendants first argue that "[Plaintiff] makes no reference, not in the First Complaint nor the FAC, to a cause of action against non-diverse defendant, Premium Title.  [Plaintiff]'s only mention of Premium Title in the FAC is in the caption (p. 1) and as a listed party (p. 2 at Parties ¶¶4, 7)."  Mot. Opp'n at 4.  However, in the "Parties" section of the FAC, it states that several defendants, including Premium Title, "are hereinafter collectively referred to as the 'Foreclosing Defendants.'"  FAC ¶ 7.  The FAC then explicitly refers to the "Foreclosing Defendants" in the Slander of Title claim, meaning at least that claim

is brought against Premium Title. *Id.* ¶ 95.[4] Moreover, the remaining claims are alleged against "the Defendant's [sic]" generally.[5]

Defendants also argue that "Premium Title is a real estate service company dealing in property transactions and simply assisted with the delivery of a recorded document," and "has no interest in [Plaintiff]'s Loan or lawsuit." Mot. Opp'n at 4. But this assertion does not meet Defendants' "heavy burden" of establishing that there is "no possibility" of a valid claim against Premium Title. *See Grancare*, 889 F.3d at 549. Although the Ninth Circuit has "upheld [fraudulent joinder] rulings where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant," it has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49. Defendants' barebones argument that Premium Title has no interest in the loan or lawsuit does not adequately preclude any possibility of a claim against Premium Title.[6]

In light of Defendants' failure to present the kind of "extraordinarily strong evidence or arguments" demonstrating fraudulent joinder, the Court finds that Premium Title was not fraudulently joined. As Defendants concede that Premium

---

[4] Exhibit B to the FAC demonstrates that Premium Title requested the recording of the Notice of Trustee's Sale.

[5] In light of the Slander of Title claim being brought against Premium Title, the Court need not consider the other claims for purposes of resolving this Motion, but the Court notes that Defendants do not specifically address any cause of action in their Opposition. *See, e.g., Aguilera v. Target Corp.*, 2015 WL 9093541, at *2 (C.D. Cal. Dec. 16, 2015) ("In order to defeat complete diversity, [Plaintiff] need only demonstrate one viable claim against one of the [non-diverse] Defendants.").

[6] Although Defendants reference Plaintiff's prior filings, including this Court's order on Plaintiff's prior TRO application, the Court's ruling applied a different legal standard there, where Plaintiff bore the burden of proof. Here, Defendants bear a different burden of proof, which they have not met. In addition, although Defendants complain without any facts that Plaintiff amended the complaint "in bad faith," Dkt. No. 44 at 3, Plaintiff's amendment "excises the federal-law claims that enabled removal," and the Court no longer has federal question jurisdiction, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025).

Title is a non-diverse defendant, Mot. Opp'n at 4, the Court does not have diversity jurisdiction over this action.

### B. TRO

Because the Court does not have jurisdiction and is remanding the action, the Court **DENIES** the Application as moot.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and Plaintiff's Application for Temporary Restraining Order is **DENIED** as moot. The case is remanded to the Superior Court of the State of California for the County of Ventura. All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**